ORPUT *v.* MILLER.

A witness for the plaintiff cannot be objected to as incompetent, merely because he considers himself bound in honour to indemnify the plaintiff's surety for costs.

ERROR to the *Wayne* Circuit Court.

May Term,
1841.

BARTHOLOMEW
v.
HENDRIX.

Thursday,
June 3.

BLACKFORD, J.—*Miller* sued *Orput* in assumpsit. Pleas, the general issue and a special plea in bar. Cause submitted to the Court, and judgment for the plaintiff.

On the trial, the plaintiff offered to examine one *Noble* as a witness. He was objected to as being interested, and was examined on his *voire dire*. He stated that he had asked one *Rowan* to execute for the plaintiff, who was a non-resident, a bond for costs; that *Rowan* executed the bond; but there was no understanding that the witness would indemnify *Rowan*. He stated, also, that he would feel himself bound in honour to pay the costs, if *Rowan* should have them to pay; but that he was under no legal obligation to pay them. The witness was examined, and his admission is assigned for error.

The law is well settled that the objection here made to the witness is not tenable. The very point is decided in *Pederson* v. *Stoffles*, 1 Campb. 144. Mr. *Phillips* says that the obligation of a witness, who believes himself bound merely in honour to indemnify the bail, is in general of a nature so uncertain and variable, that it cannot safely be recognized in Courts of justice as a motive of conduct. 1 Phill. Ev. 54. To be sure, a witness so situated may not be entitled to the same credit with a witness entirely free from any bias, but that is an objection only to his credibility.

The record contains the evidence in the cause, and the defendant contends that it does not support the judgment; but in this we think he is mistaken.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*M. M. Ray*, for the plaintiff.

*J. S. Newman* and *C. H. Test*, for the defendant.